GEOFFREY A. HANSEN
Acting Federal Public Defender
Northern District of California
DAVID W. RIZK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       david_rizk@fd.org

Counsel for Defendant EVERETT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW EVERETT,<br><br>Defendant. | Case No.: 19-CR-00699 JD<br><br>**STIPULATION AND [PROPOSED]**<br>**ORDER RE: DISPOSITION** |

    The parties in this supervised release matter will be before the Court on January 24, 2022, for potential disposition. The parties have reached an agreement to resolve all charges in the pending Form 12. Under the parties' agreement, Mr. Everett admits Charges 1 and 3, which relate to alleged violations of his Location Monitoring condition. As to Charge 2, and subject to the Court's approval, Mr. Everett hereby stipulates through counsel that the government can prove by a preponderance of the evidence that he violated the condition that he not commit another state or local crime, namely, Florida Statutes 784.03(1)(a)(1) (Battery) and 843.02

(Resist/obstruct officer – without violence), both misdemeanors.[1] Under the parties' agreement, Mr. Everett denies a violation of Florida Statute 827.03(2)(d) (Neglect child – without great bodily harm), a felony, and specifically denies that he intentionally struck his young daughter. Should the Court accept Mr. Everett's stipulation as to the alleged violations of Florida Statute 784.03(1)(a)(1) and 843.02, the government will move to dismiss the specific allegation in Charge 2 that Mr. Everett violated Florida Statute 827.03(2)(d) at time of sentence. The essential terms of the proposed disposition are that the government will recommend a term of imprisonment of one year and one day, and Mr. Everett will argue for a term of imprisonment that exceeds time served, and agree to participate in a domestic violence course as a condition of supervised release. With this proposed resolution, the parties are prepared to make sentencing presentations via sentencing memoranda to be filed in advance of the hearing.

At the parties' prior appearance, the Court requested citation to authority for the proposition that Mr. Everett may stipulate that the government is able to prove the relevant allegations in Charge 2, rather than specifically admit them. Federal Rule of Criminal Procedure 32.1 expressly permits Mr. Everett to waive the revocation hearing, which is his request. Relatedly, Rule 32.1 also does not specifically require a defendant to admit allegations, rather than waive the hearing and submit a stipulation. This procedure does not constitute error. In *United States v. Vigil*, the defendant, through counsel, "stipulated the government could prove by a preponderance of the evidence the facts alleged in the petition." *See* 739 Fed. App'x 907, 908 (9th Cir. 2018). The district court accepted the stipulation without objection from the defendant, and the defendant indicated that he understood the effect of the stipulation. *Id.* at 909. However, the defendant later contended on appeal that the stipulation was tantamount to an uninformed waiver of his right to a revocation hearing, and thus a due process violation. *Id.*

---

[1] The Form 12 incorrectly refers to the battery charges as felonies, however, Florida law specifies that these offenses are misdemeanors since Mr. Everett has no prior battery convictions. *See* Fl. St. 784.03(1)(b). The parties understand that U.S. Probation will so clarify at the hearing. The local prosecutor in Florida declined to file charges against Mr. Everett arising from the conduct alleged in Charge 2 of the Form 12 due to the alleged victim's refusal to cooperate with the prosecution.

STIPULATION AND [PROPOSED] ORDER RE: DISPOSITION
*EVERETT*, CR 19-00699 JD

The Ninth Circuit rejected this argument and found no error by the district court in accepting the stipulation, even without a formal colloquy concerning the defendant's waiver of his right to a hearing.[2] *Id.*

In addition to the Rules and *Vigil*, to the extent it is persuasive authority, other courts in this district have often accepted similar stipulations to resolve alleged supervision violations. *See, e.g., United States v. Benitez*, No. 19-CR-145 PJH, Minute Order, ECF No. 33 ("The defendant stipulates for the purposes of the violation that the charge could be proven by the government. Based on the stipulation the Court finds by a preponderance of the evidence that defendant violated the condition of supervision…."); *United States v. Bradley*, No. 08-CR-862 SBA, Minute Order, ECF No. 58 ("The Defendant stipulates that charge four can be proven by a preponderance of the evidence, and the court so finds."); *United States v. Pelayo-Chavez*, No. 16-CR-173 HSG, Def.'s Sent. Memo., ECF No. 43 at 1 ("Mr. Pelayo-Chavez has stipulated to a grade C violation…."); *United States v. Kuntz*, No. 11-CR-833 CW, Def.'s Sent. Memo., ECF No. 39 at 1-2 (defendant stipulates that government could prove alleged violation in Form 12).

In view of the foregoing authorities and the parties' agreement, and in order to conserve judicial resources and obviate the need for a revocation hearing, the parties respectfully urge the Court to accept the proposed stipulation as to Florida Statute 784.03(1)(a)(1) and 843.02, as well as grant the government's motion to dismiss the allegation that Mr. Everett violated Florida Statute 827.03(2)(d) at the time of sentence as part of the agreed-upon disposition.

---

[2] The government requests the Court confirm during its colloquy with Mr. Everett and make findings that Mr. Everett understands his rights under Rule 32.1, the maximum penalties, and that Mr. Everett knowingly, intelligently, and voluntarily waives his right to a revocation hearing on the charges in Count 2 given his counsel's stipulation that the government can prove the stipulated facts.. The defense believes such a colloquy is unnecessary in view of *Vigil* but does not otherwise object.

STIPULATION AND [PROPOSED] ORDER RE: DISPOSITION
*EVERETT*, CR 19-00699  JD

IT IS SO STIPULATED.

| | |
|---|---|
| January 10, 2022<br>Dated | STEPHANIE M. HINDS<br>United States Attorney<br>Northern District of California |
| | /S<br>CHRISTOFFER LEE<br>Assistant United States Attorney |
| January 10, 2022<br>Dated | GEOFFREY A. HANSEN<br>Acting Federal Public Defender<br>Northern District of California |
| | /S<br>DAVID W. RIZK<br>Assistant Federal Public Defender |

STIPULATION AND [PROPOSED] ORDER RE: DISPOSITION
*EVERETT*, CR 19-00699 JD

**[PROPOSED] ORDER**

For all the reasons set forth above, the Court accepts the parties' stipulation and finds that the government is able to carry its burden to prove by a preponderance of the evidence that Mr. Everett violated the condition that he not commit another state or local crime, namely, Florida Statute 784.03(1)(a)(1) and 843.02, as alleged in Count 2, and will grant the government's motion to dismiss the allegation that Mr. Everett violated Florida Statute 827.03(2)(d) at the time sentence is imposed.

IT IS SO ORDERED.

January 19, 2022
Dated

HONORABLE JAMES DONATO
United States District Judge